FILED
SEP -1 1998
KENNETH J MURPHY, Clerk
DAYTON, OHIO

RECEIVED
SEP 1 1998
U.S. PROBATION OFFICE
DAYTON, O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA         :     CASE NO. CR-3-96-97(4)

v.                               :

CHARLES EDWARD GOFF, JR.         :     PLEA AGREEMENT

- - - - - - - - - - - - - - - - - -

**CHARLES EDWARD GOFF, JR.**, individually and through his attorney, John Rion, Esquire, and the United States, by counsel, agree as follows:

1. **CHARLES EDWARD GOFF, JR.**, will enter a plea of guilty to Count 1 of the Indictment filed herein on October 16, 1996. The guilty plea to Count 1 encompasses only the conspiracy relating to cocaine, not the heroin. Once said guilty plea is entered and not withdrawn, the United States Attorney for the Southern District of Ohio agrees not to file any additional charges for controlled substance violations occurring during the period of the conspiracy alleged in Count 1 as to **CHARLES EDWARD GOFF, JR.** The United States Attorney for the Southern District of Ohio also agrees to dismiss Count 4 of the Indictment as to **CHARLES EDWARD GOFF, JR.**, and the heroin component of Count 1.

2. **CHARLES EDWARD GOFF, JR.** acknowledges and understands that the terms of this plea agreement are contingent upon his co-defendant Charles Edward Goff, Sr. entering pleas of guilty to two violations of 18 U.S.C. §§ 1952 and 2. **CHARLES EDWARD GOFF, JR.** understands that the United States has certain rights to withdraw from the plea agreement that it has entered into with Charles Edward Goff, Sr. If the United States exercises its rights to withdraw from the plea agreement with Charles Edward Goff, Sr. it in no way affects the plea of guilty of **CHARLES EDWARD GOFF, JR.** discussed in this plea agreement.

3. **CHARLES EDWARD GOFF, JR.** understands that the sentencing guidelines apply to this case, and that the statutory penalty for Count 1 is 10 years to life imprisonment, a fine of up to $4,000,000, up to 5 years supervised release, and a $100 assessment payment to the clerk as required by 18 U.S.C. § 3013.

4. **CHARLES EDWARD GOFF, JR.** understands and acknowledges that the guilty plea to Count 1 of the Indictment requires by statute a minimum term of imprisonment of 10 years.

5. **CHARLES EDWARD GOFF, JR.** understands that there is no agreement as to the sentence that he will receive for the guilty plea to Count 1 of the Indictment. **CHARLES EDWARD GOFF, JR.**

2

understands that his sentence will be determined by the Court, with the assistance of the Probation Department, based on all applicable laws including the Sentencing Reform Act and the Federal Sentencing Guidelines.

6. The defendant understands that the government will recommend to the court; (1) that the base offense level for purposes of the federal sentencing guidelines is level 36, based upon the amount of controlled substances reasonably foreseeable to the defendant and all relevant conduct. The government will recommend that the defendant be given a 3 point adjustment for acceptance of responsibility. The defendant understands that the Court is not bound to accept the recommendations contained in this paragraph. If the Court does not accept the recommendations contained in this paragraph, he understands that he will not be entitled to withdraw his guilty plea.

7. **CHARLES EDWARD GOFF, JR.** agrees that the base offense level will be increased by two levels for possession of a dangerous weapon under Sentencing Guideline § 2D1.1 paragraph (b)(1).

8. **CHARLES EDWARD GOFF, JR.** relinquishes all rights and claims that he has to all firearms and ammunition that were seized by law enforcement agents on September 26, 1996.

9. By virtue of the defendant pleading guilty to Count 1 of the Indictment in exchange for the dismissal of Count 4, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. § 3006A and hereby expressly waives any right he might have to sue the United States.

10. The defendant is aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal all matters pertaining to this case and any sentence imposed by the Court.

11. Prior to or at the time of sentencing, **CHARLES EDWARD GOFF, JR.** promises to pay to the United States Clerk of Courts a special assessment in the amount of $100.00 as required in Title 18, U.S.C. §3013.

4

12. There are no other agreements or promises.

DATE 8/31/98       _____
                   CHARLES EDWARD GOFF, JR.

DATE 8/31/98       _____
                   JOHN RION, ESQ.
                   Attorney for Defendant

                   SHARON J. ZEALEY
                   United States Attorney

DATE 8/31/98       _____
                   J. RICHARD CHEMA
                   Assistant U.S. Attorney

5