# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :          Case No. 3:96-cr-097
                                                 also Civil Case No. 3:06-cv-011

                                                 District Judge Walter Herbert Rice
      -vs-                                   Chief Magistrate Judge Michael R. Merz

                                           :

CHARLES GOFF, JR.,

       Defendant.

## REPORT AND RECOMMENDATIONS

Defendant Charles Goff, Jr., has filed a Motion to Vacate Sentence under 28 U.S.C. §2255 (Doc. No. 250) and this case is therefore before the Court for initial review pursuant to Rule 4 of the Rules Governing §2255 Proceedings.

Defendant pleads one ground for relief, to wit, that his sentence violates his Sixth Amendment right to trial by jury because it exceeds the statutory minimum because the federal sentencing guidelines were mandatory at the time he was sentenced (Doc. No. 250 at ¶12A).

Petitioner was convicted March 26, 1999 (Doc. Nos. 206, 212), and his conviction upheld by the Sixth Circuit on May 9, 2000 (Doc. No. 235).  Defendant did not seek review in the United States Supreme Court, so his conviction became final on direct appeal on August 28, 2000, ninety days after the mandate issued.

§905 of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) amended 28 U.S.C. §2255 to add the following:

       A 1-year period of limitation shall apply to a motion under this

section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant appears to assert that his case is not governed by the date on which the conviction became final, but rather that the rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004); and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005).

The instant Motion was filed one year to the day after the decision in *Booker, supra*. Therefore, only if *Booker* is applied retroactively will this Motion survive the statute of limitations; both *Apprendi* and *Blakely* were decided much more than one year before the Motion was filed. However, the Sixth Circuit has expressly held that Booker is not to be applied retroactively. *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005).

The *Humphress* case is controlling authority here. Because Booker is not to be applied retroactively, the Defendant's §2255 Motion should be denied with prejudice. Because reasonable

jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 16, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).