IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
:
       Respondent,
:
  vs.                               Case No.  3:96cr097
                                      Also Civil Case No. 3:06cv011
:
CHARLES GOFF, JR.,           JUDGE WALTER HERBERT RICE
:
       Petitioner.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #251) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #252) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT AND AGAINST PETITIONER HEREIN; TERMINATION ENTRY

---

      Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed January 17, 2006 (Doc. #251), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said judicial filing is adopted in its entirety.  The Petitioner's Objections to the Magistrate Judge's Report and Recommendations (Doc. #252) are overruled.  Judgment will be ordered entered in favor of the Respondent and against Petitioner herein, thus dismissing Petitioner's Motion to Vacate, etc., pursuant to 28 U.S.C. § 2255, in its entirety, with prejudice.

The United States Supreme Court has not addressed the question of whether *United States v. Booker*, 543 U.S. 220 (2005) is to be applied retroactively. However, in an analogous situation, the Court has refused to apply its decision retroactively.  In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court refused to apply *Ring v. Arizona*, 536 U.S. 584 (2002) retroactively.  In *Ring*, which was based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as was *Booker*, the Supreme Court held that the Arizona death penalty scheme was unconstitutional, because the judge, rather than the jury, made certain death penalty qualifying findings.

Research has not found any decision by a Circuit Court applying *Booker* retroactively.  The Sixth Circuit authority holding that *Booker* is not to be applied retroactively, *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), remains good law and, thus, mandatory authority.

Because this Court's decision herein is not one upon which reasonable jurists would disagree, the Defendant is denied both a Certificate of Appealability and an anticipated request to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| January 29, 2008 | /s/ Walter Herbert Rice <br> WALTER HERBERT RICE <br> UNITED STATES DISTRICT JUDGE |

Copies to:

Vipal Patel, Esq.
Jon Paul Rion, Esq.
John H. Rion, Esq.